UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

SHAUN STEVEN KIDD                                                                    PETITIONER
Reg #43108-074

V.                          Case No. 2:23-CV-00139-BSM-BBM

C. GARRETT, Warden,                                                                  RESPONDENT
FCI-Forrest City

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**I.    INTRODUCTION**

Petitioner Shaun Steven Kidd ("Kidd"), an inmate currently incarcerated at the Federal Correctional Institution-Medium in Forrest City, Arkansas ("FCI-Forrest City-Medium"), pled guilty to causing and inducing a bank employee to misapply bank funds (aiding and abetting); Kidd was subsequently sentenced to 60 months' imprisonment in the Bureau of Prisons ("BOP"). (Doc. 13-1). While incarcerated, Kidd was convicted of conspiracy to commit forgery of the signature of a United States District Judge and forgery

of the signature of a United States District Judge; he was sentenced to an aggregate term of 108 months' imprisonment in the BOP, with the term to run consecutively to the previous federal sentence. (Doc. 13-2). The two sentences resulted in a total term of 168 months' imprisonment. (Doc. 13 at 1).

On December 21, 2018, the First Step Act ("FSA") became law. *See* 18 U.S.C. § 3632. The FSA contains various reforms, including the potential reduction of sentences for certain federal inmates through the accumulation of "time credits." *See id.* On June 26, 2023, Kidd filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, arguing that the BOP refuses to apply earned time credits to his sentence as required by the FSA. Kidd has filed three addendums to his Petition. (Docs. 11, 12, 18). Kidd also filed a Response in Opposition to the Habeas Petition, as well as an addendum.[1] (Docs. 20–21).

Respondent C. Garrett, as warden of FCI-Forrest City-Medium, responds that, while the FSA permits Kidd to *earn* time credits while his recidivism risk level is medium, the credits cannot be *applied* to his sentence until his risk level is reduced. (Doc. 13). For the reasons that follow, the Court recommends that Kidd's petition be dismissed, with prejudice.

**II.    DISCUSSION**

As relevant to the present action, the FSA provides that "[a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" at a rate

---

[1] The Court will construe the Response, (Doc. 20), as a Reply in support of Kidd's Petition.

2

described by statute. 18 U.S.C. § 3632(d)(4). Prisoners—except those convicted of enumerated crimes not relevant here—can earn ten days of time credits for every thirty days of successful participation in FSA programming or productive activities. 18 U.S.C. § 3632(d)(4)(A)(i).

The FSA further provides that whether prisoners are eligible to have earned time credits *applied* toward prerelease custody or supervised release is determined under 18 U.S.C. § 3624(g). Pursuant to § 3624(g), a prisoner is eligible for prerelease custody or supervised release when he or she has "shown through the periodic risk assessments a demonstrated recidivism risk reduction or has maintained a *minimum or low recidivism risk*, during the prisoner's term of imprisonment." 18 U.S.C. § 3624(g)(1)(B) (emphasis added). Specifically, to be eligible for prerelease custody, the prisoner must have been determined to be a minimum or low risk at the last two reassessments or have approval from the warden. 18 U.S.C. § 3624(g)(1)(D)(i). To be eligible for supervised release, a prisoner must have been determined to be a minimum or low risk at the last reassessment. 18 U.S.C. § 3624(g)(1)(D)(ii).

The parties do not dispute that Kidd's recidivism risk level is medium. (Doc. 1 at 1; Doc. 13-3 at 2). Based on that determination, FSA time credits cannot be *applied* to his sentence at this time without warden approval. *See Garcia v. Kessel*, 2:23-CV-00019, 2023 WL 10511211, at *1 (E.D. Ark. June 27, 2023) (holding that defendant that is a medium risk to recidivate is not entitled to the application of his earned time-credits), *adopted in all respects* by *Garcia v. Warden of Forrest City FCI*, 2:23-CV-00019, 2024 WL 1289953 (E.D. Ark. Mar. 26, 2024); *McKinnon v. Yates*, 2:23-CV-00087, 2023 WL 9549919, at *2

3

(E.D. Ark. June 21, 2023) (holding that defendant that is a medium risk to recidivate is not entitled to the application of his earned time-credits), *adopted in its entirety* by *McKinnon v. Garrett*, 2:23-CV-00087, 2024 WL 474856 (E.D. Ark. Feb. 7, 2024); *see also Green v. Hudson*, No. 23-3141, 2024 WL 960497, at *1 (10th Cir. 2024) ("The Bureau of Prisons classified Mr. Green's risk as *medium*, and this classification prevented use of the credits to expedite the transition to prerelease custody or supervised release.").

While Kidd may have requested warden approval of a transfer, there is nothing in the record indicating that the warden responded. In fact, Kidd himself admits that he failed to receive a response by the warden. *See* (Doc. 1 at 34) ("My Request for My FTC's (365) days has been put into a Silence and/or a Recalcitrant aspect from Reach and All.").[2] Kidd also noted the lack of response he received in at least seven other requests dated from April 7, 2023, to June 7, 2023. (Doc. 1 at 26–33).

---

[2] This request, labeled "THIRD (3)rd and FINAL ATTEMPT," is dated June 13, 2023, only one day prior to his mailing his Petition to the Court. (Doc. 1 at 35).

### III. CONCLUSION

Because Kidd's recidivism risk level was medium as of the date of his Petition, and he had not received approval from the warden for prerelease custody, Kidd is not entitled to the relief sought under the FSA, and his Petition should be dismissed with prejudice.

IT IS THEREFORE RECOMMENDED THAT:

1. Kidd's Petition for Writ of Habeas Corpus, (Doc. 1), be DISMISSED, with prejudice.

2. Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, no certificate of appealability should be issued.

3. Kidd's Motion for Calendar Call (Doc. 31) be DENIED as moot.

DATED this 1st day of May, 2024.

*Benecia Moore*
_____
UNITED STATES MAGISTRATE JUDGE